JOSÉ GARAYALDE ET AL., Plaintiffs and Appellees, *v.* CENTRAL JUANITA, INC., Defendant and Appellant.

No. 4572. Argued May 7, 1929.—Decided July 16, 1929.

*Hugh R. Francis,* for the appellant. *Pellón & Ayuso,* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

José Garayalde and Juan Martinó sued Central Juanita, Inc., for the specific performance of a contract which they allege was entered into on August 26, 1911, by Valentín Monroig, on behalf of the Heirs of Monroig, predecessors in interest of the defendant, and Sebastián Bauzá Monroig, predecessor in interest of the plaintiffs, by virtue of which the defendant corporation was bound to deliver to the plaintiffs 4,000 gallons of molasses every year in consideration of a certain right of way granted to the central over a property belonging to Bauzá and others.

The central denied, in effect, that it was bound to perform such contract should it have been made and, the issue thus joined, the case went to trial and the parties introduced their evidence, both oral and documentary.

On October 25, 1927, the district court decided the action against the defendant corporation, who thereupon appealed and has assigned seven errors which are argued together in its brief.

Based on this defect, the appellees have moved to dismiss the appeal and the motion might well be granted, because the appellant has failed to comply in this respect with one of the rules of this court. However, it is so clear that the judgment appealed from must be reversed that, in the furtherance of justice, we believe that we should go into the merits of the case and decide it in accordance with the law and the facts.

The easement referred to in the complaint was not only finally constituted by means of a public instrument, but in order to obtain the execution of the latter it was necessary to apply to the proper district court, because the servient

tenement belonged in part to some minors. Both in the petition for judicial authorization and in the said public instrument the following stipulations appear:

"Said easement shall be perpetual and the consideration therefor shall be an annual rental of seven hundred and twenty dollars which Central Juanita, Inc., will pay to Sebastián, Belén Candelaria and Belén Carmen Bauzá Obrador, in equal shares, to wit, two hundred and forty dollars, to each of them; and said rental shall be paid at the end of each month at the rate of sixty dollars monthly, to be distributed in amounts of twenty dollars each among the co-owners, Sebastián, Belén Candelaria and Belén Carmen Bauzá Obrador. . . .

"FOURTH. It is stipulated as part of said contract of easement as follows:

"*a*. That all expenditures whatsoever incurred in the installation of the track or the maintenance thereof during the entire life of the contract, shall be for the account of Central Juanita Incorporated.

"*b*. That the strip of land subject to the easement shall remain without fence throughout its whole length so that cattle may pass freely from one side of the track to the other.

"*c*. That for any cattle or horse which may be killed or maimed by Central Juanita, Inc., owner of the dominant tenement, through its train service over the right of way, the owners of such animals shall be indemnified by the central in such amounts as may be fixed by appraisal.

"*d*. That in case of failure on the part of Central Juanita Incorporated to pay the rental agreed herein upon the dates stipulated, the owners of the servient tenement may declare this contract terminated and withdraw all the rights conveyed thereby.

"*e*. That this contract is to be effective retroactively as from August 1, 1911, from which date the stipulated rental begins to run.

"*f*. That all expenditures incurred both in the proceedings to secure the proper judicial authorization by Sebastián Bauzá Monroig as father with *patria potestas* over his minor daughters, Belén Candelaria and Belén Carmen Bauzá Obrador as well as in the execution of this deed, including certification of a copy thereof and its recording in the Registry of Property, shall be for the account of Central Juanita Incorporated.

"FIFTH. It is stipulated and agreed between Sebastián Bauzá Obrador and Antonio Monroig, the latter in the capacity in which he appears herein, that if at any time the owners of the servient

tenement agree with the owner of the dominant tenement to transform the within contract of easement into one of sale of the strip of land hereinabove described, thereby substituting for the rental herein stipulated the payment at once of a fixed sum, it is henceforth understood and agreed that the total purchase price of the said strip of land shall be and it is hereby appraised at six thousand dollars, and that on the basis of this price Sebastián Bauzá Obrador shall be paid his corresponding share as joint owner of the property, to wit, the sum of two thousand dollars.

"Sixth. Antonio Monroig, in his capacity as president of Central Juanita Incorporated, accepts this deed in its entirety."

Notwithstanding the detailed character of the above stipulations, in none of them appears the obligation whose performance is sought in this action.

The plaintiffs allege that in addition to the agreement embodied in the said public instrument, a private contract was executed in 1911 between Sebastián Bauzá Monroig and the Heirs of Monroig whereby such heirs, who are the predecessors in interest of the central, bound themselves to deliver the molasses to Bauzá, which contract was duly performed up to the year 1925 first by the Heirs of Monroig and then by Central Juanita, and that the central has unjustifiedly refused to continue performing the contract in favor of the plaintiffs, who are the legal successors in interest of Sebastián Bauzá Monroig.

All the evidence introduced by the plaintiffs relating to the said private agreement was admitted over the insistent objection of the defendant. We think that the defendant objected rightly, but even conceding all its force to the private contract we believe that what should be concluded, at most, is that there was established thereby a personal obligation between the Heirs of Monroig and Sebastián Bauzá Monroig which Central Juanita, Inc., is not bound to perform in favor of the plaintiffs. The private contract says:

"Third. That in addition to the stipulations set forth in that contract it was also agreed between the said Sebastián Bauzá y Monroig and the Heirs of Antonio Monroig that the latter shall make

an annual gift to the former of eighty barrels of molasses equivalent to four thousand gallons.

"FOURTH. That in compliance with the said agreement Valentín Monroig, on behalf of the Heirs of Antonio Monroig, solemnly binds himself to deliver annually to the said Sebastián Bauzá Monroig, free of any charge, the eighty barrels or four thousand gallons of molasses referred to in the above paragraph, it being expressly agreed that the said obligation shall only last during the lifetime of Bauzá y Monroig but not after his death."

It is indeed difficult to understand why two instruments should have been executed in 1911, one of which was made to assume the form of a public instrument when authorization therefor was obtained, and not the other. But, whatever the reasons, from the way the instrument referring to the molasses is worded it appears that it is a case of a personal bonus designated as a gift, in favor of Sebastián Bauzá Monroig, in which the owners of the property over which the easement was created did not share.

No matter how great the credit given to the testimony of Bauzá Monroig at the trial, it must be concluded that he always referred to the Heirs of Monroig and never to the central. The defendant central is a separate entity which intervened only when the document creating the easement subject to all the stipulations already shown was transformed into a public instrument. These stipulations and no others are the only ones whose performance may be compelled. The central stipulated nothing in regard to molasses and when the plaintiffs made demand upon it as the successors in interest of Bauzá, the central refused to recognize any right in their favor.

It must be further observed that the plaintiffs acquired from the preceding owners the land burdened with the easement already mentioned and that in the conveyance executed for that purpose absolutely nothing was said regarding the right to the molasses. The transfer of the right in question appears only from oral evidence objected to and from a note,

also objected to, written at the foot of the private instrument which says:

"For value received I assign and transfer to Juan Martinó and José Garayalde, in equal shares, all my rights and interests under this contract.

"San Juan, P. R., October 14, 1924. (signed.) Sebastián Bauzá."

Under the circumstances and as no privity has been shown between the plaintiffs and the defendant in regard to the contract in question, the action herein must fail.

The judgment appealed from must be reversed, without special pronouncement of costs.

Mr. Justice Texidor took no part in the decision of this case.